JUN 0 2 2010

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**

JAMES N. HATTEN, Clerk
By: [deputy clerk]

| | |
|---|---|
| MEDICAL TRANSCRIPTION PLUS, INC. [MTPI] a domestic corporation; and CINDI J. BENTLEY, Individually and as President of MTPI ; <br> Plaintiffs, <br><br> vs. <br><br> WEST METRO TRANSCRIPTION, INC. [WMTI] a domestic corporation; and CYNTHIA OWENS SNOWDEN, Individually and as Secretary/Owner, BRIAN P. HILTON, and DOES ONE THROUGH TEN, inclusive. <br> Defendants. | § § § § § § § § § § § § § |

**JURY TRIAL DEMANDED**  **-RLV**

**CIVIL ACTION NO.**

**1:10 CV - 1697**

### PLAINTIFF'S ORIGINAL COMPLAINT

For cause of action against the defendants, and each of them, the plaintiffs Medical Transcription Plus, Inc. [hereinafter MTPI], a domestic corporation; and Cindi J. Bentley, Individually and as President of MTPI; state as follows:

### INTRODUCTION

1. This is a civil action against West Metro Transcription, Inc. [hereinafter "WMTI"] and Cynthia Owens Snowden, both individually and as Secretary/Owner of WTMI. The plaintiff has. functioned as a medical transcription service since 1988. The defendant Cynthia Owens Snowden was formerly an employee / independent contractors that worked for MTPI, the plaintiff's transcription service.

2. While so employed, the defendants covertly, systematically and intentionally worked to steal the plaintiff's long standing client plaintiff's accounts with various physicians and medical service providers, and convert those accounts to their (i.e., the defendants') own. These defendant Snowden ultimately left the plaintiff's employ and, making use of the stolen medical provider accounts, opened her own medical transcription business, West Metro Transcription, Inc. [WMTI].

3. Plaintiff hired attorney Brian P. Hilton to seek the appropriate redress and legal remedies against the defendants Snowden WMTI and others. Acting on behalf of plaintiff, attorney Hilton filed suit against the defendants. Putting forth only a minimal professional effort, attorney Hilton wholly failed to investigate and

properly present plaintiff's lawsuit which was summarily dismissed. Hilton, who the plaintiff has since discovered has a history of multiple malpractice complaints, completely failed to present numerous causes of action that could have successfully been brought under the circumstances of plaintiff's case.

4. The actions of the defendant Hilton constitute professional negligence and malpractice. The actions of the remaining defendants constitute a violation of the federal civil RICO statutes as more specifically described herein. This is a civil action for RICO remedies authorized by the federal statutes at 18 U.S.C. 1961 et seq.; for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which this Court deems just and proper under all circumstances which have occasioned this initial complaint. See 18 U.S.C. §§ 1964(a) and (c) ["Civil RICO"].

5. The primary cause of this action is an enterprise engaged in a pattern of racketeering activity involving interstate commerce, and a conspiracy to engage in racketeering activity involving numerous RICO predicate acts during the past ten (10) calendar years. The predicate acts alleged here cluster around the intentionally dishonest and malicious actions of the defendants with other as yet unnamed defendants in conspiring with one another to convert the plaintiff's clients to their own. Among other things, the defendants' action constitute a tortious interference with the plaintiff's contract, a breach of the covenant of good faith and fair dealing that existed between the plaintiffs and the various defendants, breach of fiduciary duties, defamation, and interference by the defendants with the prospective business advantage held by the plaintiff.

6. RICO predicate acts, although appearing to be isolated events, were actually part of the overall conspiracy and pattern of racketeering activity alleged herein, e.g. mail fraud. See 18 U.S.C. §§ 1341 and 1344, respectively.

7. The primary objective of the racketeering enterprise has been to inflict severe and sustained economic hardship upon Plaintiff, with the intent of impairing, obstructing, preventing and discouraging Plaintiff from operating her long standing medical transcription business..

## JURISDICTION

8. This Court has original jurisdiction pursuant to the civil RICO remedies at 18 U.S.C. 1964, and the holdings of the U.S. Supreme Court in <u>Tafflin v. Levitt</u>, 493 U.S. 455 (1990).

## COUNT ONE:

### Acquisition and Maintenance of an Interest in and Control of
### an Enterprise Engaged in a Pattern of Racketeering Activity:
### 18 U.S.C. §§ 1961(5), 1962(b)

9.  Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

10.  At various times and places partially, the defendants Snowden and others did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO enterprise of individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

11.  During the preceding ten (10) calendar years, the defendants, the .Snowden and others did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

12.  Plaintiff further alleges that all defendants did commit two (2) or more of the offenses in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(b) supra.

13.  To the extent that the defendants the. Snowden and other unnamed parties acted on behalf of each other, they are liable pursuant to the doctrine of respondeat superior (principal is liable for agents' misconduct: knowledge of, participation in, and benefit from a RICO enterprise).

## COUNT TWO

### Conduct and Participation in a RICO Enterprise
### through a Pattern of Racketeering Activity:
### 18 U.S.C. §§ 1961(5), 1962(c)

14.  Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

15. At various times and places, the defendants did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

16. Likewise, all defendants did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

17. During the preceding ten calendar years, the defendants the Snowden did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(c) supra.

## COUNT THREE

### Conspiracy to Engage in a
### Pattern of Racketeering Activity:
### 18 U.S.C. §§ 1961(5), 1962(d)

18. Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

19. At various times and places, the defendants did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) and (d).

20. At various times and places, the defendants did also conspire to conduct and participate in said RICO enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and (d). See also 18 U.S.C. §§ 1961(4), (5) and (9).

21. During the preceding ten calendar years, the defendants did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

4

22.   Plaintiff further alleges the defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. 1962(d) (Prohibited activities supra).

**COUNT SIX**

**Professional Negligence Against the
Defendant Attorney Brian P. Hilton**

23.   Plaintiff now re-alleges each and every allegation as set forth above, and hereby incorporates same by reference, as if all were set forth fully herein.

24.   As a pendent and supplemental claim against the defendant Brian P. Hilton, the plaintiffs Medical Transcription Plus, Inc. [hereinafter MTPI], a domestic corporation; and Cindi J. Bentley, Individually and as President of MTPI; state as follows.

25.   The plaintiffs hired defendant attorney Brian P. Hilton to bring a lawsuit against the defendants Snowden, and others. Hilton drafted and filed a complaint on the plaintiffs' behalf, but the sole allegation of that complaint was that the defendant's had breached a non-compete agreement. Throughout the course of that lawsuit, the defendant attorney Hilton made no attempt to state any other alternative cause of action against the various defendants.

26.   The defendants filed a motion for summary judgment seeking a dismissal of the plaintiff's complaint, and Hilton made no attempt to submit affidavits or other evidence indicating that the allegations found in the defendant's motion for summary judgment were indeed contested issues of fact.

27.   Moreover, it is not believed that Hilton submitted any discovery requests to the defendants or their counsel. Reacting to what was essentially an unopposed motion for summary judgment, the defendants' motion was granted dismissing the sole claim of plaintiffs' complaint, i.e., that the defendant's did not breach a non-compete provision of their contract.

## RELIEF REQUESTED

Wherefore, pursuant to the statutes at 18 U.S.C. 1964(a) and (c), Plaintiffs requests judgment against the defendants Snowden and West Metro Transcription, Inc. as follows:

1. That this Court find that the defendants Snowden and WMTI, acting both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO enterprise of persons and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. 1962(b) (Prohibited activities).

2. That the defendants Snowden and WMTI and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from acquiring or maintaining, whether directly or indirectly, any interest in or control of any RICO enterprise of persons, or of other individuals associated in fact, who are engaged in, or whose activities do affect, interstate or foreign commerce.

3. That the defendants Snowden and WMTI and all of their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in COUNT ONE supra.

4. That the defendants Snowden and WMTI be required to account for all gains, profits, and advantages derived from their several acts of racketeering activity in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s).

5. That judgment be entered for plaintiffs and against the defendants Snowden and WMTI for plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

6. That the defendants Snowden and WMTI pay to plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

7. That the defendants Snowden and WMTI pay to plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(b), according to the best available proof.

8. That the defendants Snowden and WMTI pay to plaintiff the costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non judicial enforcement and all reasonable counsel's fees.

9. That all damages caused by the defendants Snowden and WMTI, and all gains, profits, and advantages derived by all defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust for the benefit of plaintiffs, its heirs and assigns.

10. That all damages caused by the defendant Brian P. Hilton for professional negligence be reduced to judgment against the defendant Hilton and in favor of the plaintiffs.

11. That plaintiffs have such other and further relief as this Court deems just and proper, under the circumstances of this action.

Respectfully submitted,

CINDI J. BENTLEY, Plaintiff
Individually and as Secretary/Owner of
MEDICAL TRANSCRIPTION PLUS, INC. [MTPI]
P.O. Box 1072
Douglasville, GA 30133
(404) 561-2536

## VERIFICATION

I, Cindi J. Bentley, plaintiff in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief.

Date: 06/02/2010

CINDI J. BENTLEY, Declarant

**8**