FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 2 5 2010

JAMES N. HATTEN, Clerk
By:
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| CINDI J. BENTLEY,<br>    Plaintiff, | § **JURY TRIAL DEMANDED**<br>§<br>§ **CIVIL ACTION NO.**<br>§ **1:10-CV-01697-RLV** |
| vs. | § |
| WEST METRO TRANSCRIPTION, INC. [WMTI],<br>a corporation;  CYNTHIA OWENS SNOWDEN,<br>individually; and BRIAN P. HILTON,<br>    Defendants. | §<br>§<br>§<br>§ |

### PLAINTIFF'S AMENDED COMPLAINT

For cause of action against the defendants, and each of them, the plaintiff states as follows:

### INTRODUCTION

1. This is a civil action against Brian P. Hilton ["Hilton"], West Metro Transcription, Inc. ["WMTI"] and Cynthia Owens Snowden.  The plaintiff has functioned as a medical transcription service since 1988.  The defendant Cynthia Owens Snowden ["Snowden"] was formerly an employee / independent contractor that worked for the plaintiff's transcription service.

2. While so employed, the defendant Snowden covertly, systematically and intentionally worked to steal the plaintiff's long standing client plaintiff's accounts with various physicians and medical service providers, and convert those accounts to herself.  The defendant Snowden ultimately left the plaintiff's employ and, making use of the stolen medical provider accounts, opened her own medical transcription business, West Metro Transcription, Inc. [WMTI].

3. Plaintiff hired attorney Brian P. Hilton to seek the appropriate redress and legal remedies against the defendants Snowden, WMTI, and others.  Acting on behalf of plaintiff, attorney Hilton filed suit against these defendants.  Putting forth only a minimal effort, attorney

Hilton wholly failed to investigate and properly present plaintiff's lawsuit which was summarily dismissed.   Hilton, who the plaintiff has since discovered has a history of multiple malpractice complaints, completely failed to present numerous causes of action that could have successfully been brought under the circumstances of plaintiff's case.

4.   The actions of the defendant Hilton constitute professional negligence and malpractice.  The actions of the remaining defendants constitute a violation of the federal civil RICO statutes.  This is a civil action for RICO remedies authorized by the federal statutes at 18 U.S.C. 1961 et seq.; for declaratory and injunctive relief; for actual, consequential and exemplary damages; and for all other relief which this Court deems just and proper under all circumstances which have occasioned this initial complaint.  See 18 U.S.C. §§ 1964(a) and (c) ["Civil RICO"].

5.   The primary cause of this action is an enterprise engaged in a pattern of racketeering activity involving interstate commerce, and a conspiracy to engage in racketeering activity involving numerous RICO predicate acts during the past ten (10) calendar years.  The predicate acts alleged here center on the intentionally dishonest and malicious actions of the defendants with other as yet unnamed defendants in conspiring with one another to convert the plaintiff's clients to their own.  Among other things, the defendants' actions constitute a tortious interference with the plaintiff's contract, a breach of the covenant of good faith and fair dealing that existed between the plaintiffs and the various defendants, breach of fiduciary duties, defamation, and interference by the defendants with the prospective business advantage held by the plaintiff.   The defendant Hilton was professionally negligent in failing to raise these causes of action against the Snowden defendants (i.e., Cynthia Snowden and WMTI).

6.  RICO predicate acts were part of an overall conspiracy and pattern of racketeering activity alleged herein, including mail fraud and wire fraud.  See 18 U.S.C. §§ 1341 and 1344, respectively.

7.  The primary objective of the racketeering enterprise has been to inflict severe and sustained economic hardship upon Plaintiff, with the intent of impairing, obstructing, preventing and discouraging Plaintiff from operating her long standing medical transcription business.

**JURISDICTION**

8.  This Court has original jurisdiction pursuant to the civil RICO remedies at 18 U.S.C. 1964, and the holdings of the U.S. Supreme Court in Tafflin v. Levitt, 493 U.S. 455 (1990).

**COUNT ONE**

**Acquisition and Maintenance of an Interest in and Control of
an Enterprise Engaged in a Pattern of Racketeering Activity:
18 U.S.C. §§ 1961(5), 1962(b)**

**Bentley vs. WMTI and Snowden**

9.  The plaintiff has functioned as a medical transcription service since 1988.  The defendant Cynthia Owens Snowden ["Snowden"] was formerly an employee / independent contractor that worked for the plaintiff's transcription service.   While so employed, the defendant Snowden covertly, systematically and intentionally worked to steal the plaintiff's long standing client plaintiff's accounts with various physicians and medical service providers, and convert those accounts to herself.  The defendant Snowden ultimately left the plaintiff's employ and, making use of the stolen medical provider accounts, opened her own medical transcription business, West Metro Transcription, Inc. [WMTI].

10.  At various times and places partially, the defendants Snowden and others did acquire and/or maintain, directly or indirectly, an interest in or control of a RICO enterprise of

individuals who were associated in fact and who did engage in, and whose activities did affect, interstate and foreign commerce, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(b).

11.   During the preceding ten (10) calendar years, the defendants, the .Snowden and others did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B), and did so in violation of the RICO law at 18 U.S.C. 1962(b) (Prohibited activities).

12.   Plaintiff further alleges that all defendants did commit two (2) or more of the offenses  in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(b) supra.

13.   To the extent that the defendants the. Snowden  and other unnamed parties acted on behalf of each  other, they are liable pursuant to the doctrine of  respondeat superior (principal is liable for agents' misconduct: knowledge of, participation in, and benefit from a RICO enterprise).

## COUNT TWO

### Conduct and Participation in a RICO Enterprise
### through a Pattern of Racketeering Activity:
### 18 U.S.C. §§ 1961(5), 1962(c)

### Bentley vs. WMTI and Snowden

14.   The plaintiff has functioned as a medical transcription service since 1988.  The defendant Cynthia Owens Snowden ["Snowden"] was formerly an employee / independent contractor that worked for the plaintiff's transcription service.   While so employed, the defendant Snowden covertly, systematically and intentionally worked to steal the plaintiff's long standing client plaintiff's accounts with various physicians and medical service providers, and

convert those accounts to herself. The defendant Snowden ultimately left the plaintiff's employ and, making use of the stolen medical provider accounts, opened her own medical transcription business, West Metro Transcription, Inc. [WMTI].

15. At various times and places, the defendant Snowden and agents of WMTI did associate with a RICO enterprise of individuals who were associated in fact and who engaged in, and whose activities did affect, interstate and foreign commerce.

16. Likewise, Snowden and agents of WMTI did conduct and/or participate, either directly or indirectly, in the conduct of the affairs of said RICO enterprise through a pattern of racketeering activity, all in violation of 18 U.S.C. §§ 1961(4), (5), (9), and 1962(c).

17. During the preceding ten calendar years, the defendants the Snowden did cooperate jointly and severally in the commission of two (2) or more of the RICO predicate acts that are itemized in. Plaintiff further alleges that all Defendants did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of the RICO law at 18 U.S.C. 1962(c) supra.

## COUNT THREE

### Conspiracy to Engage in a
### Pattern of Racketeering Activity:
### 18 U.S.C. §§ 1961(5), 1962(d)

### 18. Bentley vs. WMTI and Snowden

19. At various times and places, the defendants Snowden and WMTI did conspire to acquire and maintain an interest in a RICO enterprise engaged in a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(b) and (d).

20. At various times and places, the defendants WMTI and Snowden did also conspire to conduct and participate in said RICO enterprise through a pattern of racketeering activity, in violation of 18 U.S.C. §§ 1962(c) and (d). See also 18 U.S.C. §§ 1961(4), (5) and (9).

21. During the preceding ten calendar years, the defendants WMTI and Snowden did cooperate jointly and severally in the commission of two (2) or more of the predicate acts that are itemized at 18 U.S.C. §§ 1961(1)(A) and (B), in violation of 18 U.S.C. 1962(d).

22. Plaintiff further alleges the defendants WMTI and Snowden did commit two (2) or more of the offenses itemized above in a manner which they calculated and premeditated intentionally to threaten continuity, i.e. a continuing threat of their respective racketeering activities, also in violation of 18 U.S.C. 1962(d) (Prohibited activities supra).

## COUNT SIX

### Professional Negligence (Legal Malpractice) Against the Defendant Attorney Brian P. Hilton

23. At all relevant times, the defendant attorney Hilton knew all relevant facts outlined above which formed the basis for various causes of action against the defendants Snowden, WMTI, and other unnamed defendants. Despite such knowledge, Hilton wholly failed and neglected to plead causes of action for, among other things, the tortious interference with the plaintiff's contract, a breach of the covenant of good faith and fair dealing that existed between the plaintiff and the various defendants, breach of fiduciary duties, defamation, and interference with the prospective business advantage held by the plaintiff.

24. As a pendent and supplemental claim against the defendant Brian P. Hilton, the plaintiff Cindi J. Bentley states as follows.

25. The plaintiffs hired defendant attorney Brian P. Hilton to bring a lawsuit against the defendants Snowden and others. Hilton drafted and filed a complaint on the plaintiffs' behalf,

but the sole allegation of that complaint was that the defendant's had breached a non-compete agreement.   Throughout the course of that lawsuit, the defendant attorney Hilton made no attempt to state any other alternative cause of action against Snowden or the various other defendants.

26.   The defendant Snowden  filed a motion for summary judgment seeking a dismissal of the plaintiff's complaint, and Hilton made no attempt to submit affidavits or other evidence indicating that the allegations found in the defendant's motion for summary judgment were indeed contested issues of fact.   Hilton did nothing but throw in the proverbial towel leading to a dismissal of the plaintiff's lawsuit.

27.   Moreover, it is not believed that Hilton submitted any discovery requests to the defendant Snowden or her counsel.  Reacting to what was essentially an unopposed motion for summary judgment, the defendants' motion was granted dismissing the sole claim of plaintiff's complaint, i.e., that the defendant's did not breach a non-compete provision of their contract.

**RELIEF REQUESTED**

Wherefore, pursuant to the statutes at 18 U.S.C. 1964(a) and (c), Plaintiffs requests judgment against the defendants Snowden and West Metro Transcription, Inc. as follows:

1.  That this Court find that the defendants Snowden  and WMTI, acting both jointly and severally, have acquired and maintained, both directly and indirectly, an interest in and/or control of a RICO enterprise of persons and of other individuals who were associated in fact, all of whom engaged in, and whose activities did affect, interstate and foreign commerce in violation of 18 U.S.C. 1962(b) (Prohibited activities).

2.  That the defendants Snowden and WMTI and all their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined

7

temporarily during pendency of this action, and permanently thereafter, from acquiring or maintaining, whether directly or indirectly, any interest in or control of any RICO enterprise of persons, or of other individuals associated in fact, who are engaged in, or whose activities do affect, interstate or foreign commerce.

3. That the defendants Snowden and WMTI and all of their directors, officers, employees, agents, servants and all other persons in active concert or in participation with them, be enjoined temporarily during pendency of this action, and permanently thereafter, from committing any more predicate acts in furtherance of the RICO enterprise alleged in COUNT ONE supra.

4. That the defendants Snowden and WMTI be required to account for all gains, profits, and advantages derived from their several acts of racketeering activity in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s).

5. That judgment be entered for plaintiffs and against the defendants Snowden and WMTI for plaintiff's actual damages, and for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

6. That the defendants Snowden and WMTI pay to plaintiff treble (triple) damages, under authority of 18 U.S.C. 1964(c), for any gains, profits, or advantages attributable to all violations of 18 U.S.C. 1962(b), according to the best available proof.

7. That the defendants Snowden and WMTI pay to plaintiff all damages sustained by Plaintiff in consequence of Defendants' several violations of 18 U.S.C. 1962(b), according to the best available proof.

8. That the defendants Snowden and WMTI pay to plaintiff the costs of the lawsuit incurred herein including, but not limited to, all necessary research, all non judicial enforcement and all reasonable counsel's fees.

9. That all damages caused by the defendants Snowden and WMTI, and all gains, profits, and advantages derived by all defendants, from their several acts of racketeering in violation of 18 U.S.C. 1962(b) and from all other violation(s) of applicable State and federal law(s), be deemed to be held in constructive trust for the benefit of plaintiffs, its heirs and assigns.

10. That all damages caused by the defendant Brian P. Hilton for professional negligence be reduced to judgment against the defendant Hilton and in favor of the plaintiff.

11. That plaintiff have such other and further relief as this Court deems just and proper, under the circumstances of this action.

Respectfully submitted,

CINDI J. BENTLEY, Plaintiff
P.O. Box 1072
Douglasville, GA  30133
(404) 561-2536

## VERIFICATION

I, Cindi J. Bentley, plaintiff in the above entitled action, hereby verify under penalty of perjury, under the laws of the United States of America, that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief.

Date: 08/25/2010

CINDI J. BENTLEY, Declarant

## CERTIFICATE OF SERVICE

This to certify that on the 23rd day of August 2010, a true and complete copy of the above

and foregoing  PLAINTIFF'S AMENDED COMPLAINT was served on the following  by

depositing in the United States mail addressed as follows:

Johannes S. Kingma
John L. Bunyan
Carlock Copeland & Stair, LLP
285 Peachtree Center Avenue, NE
2600 Marquis Two Tower
Atlanta, GA 30303-1235
Counsel for Brian P. Hilton

James Thompson
535 Maxham Road Ste C2
Austell, GA  30122
Counsel for Cynthia Snowden and WMTI, Inc.

Cindi Bentley, Plaintiff